JUDGE SULLIVAN

COPY

10 CV 5236

PREET BHARARA
United States Attorney
Southern District of New York
By:     TARA M. La MORTE
        Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No. (212) 637-2746
Fax No. (212) 637-2730
tara.lamorte2@usdoj.gov



RECEIVED
JUL - 9 2010
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

DAVID GOODMAN,                              :

                        Plaintiff,          :          **COMPLAINT**

        - against -                         :          10 Civ. _____

CITY OF NEW YORK, NEW YORK                  :          **ECF CASE**
CITY POLICE DEPARTMENT, and NEW             :
YORK CITY POLICE PENSION FUND,              :
                                            :
                        Defendants.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

        Plaintiff David Goodman ("Goodman"), by his undersigned attorneys from the U.S.

Department of Justice pursuant to 38 U.S.C. § 4323, alleges as follows:

        1.      This civil action is brought pursuant to the Uniformed Services Employment and

Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4335 ("USERRA").

### JURISDICTION AND VENUE

        2.      This Court has jurisdiction over the subject matter of this action pursuant to 38

U.S.C. § 4323(b) and 28 U.S.C. § 1331.

        3.      Venue is proper in this district under 38 U.S.C. § 4323(c)(2) because defendants

City of New York ("NYC"), New York City Police Department ("NYPD") and New York City

Police Pension Fund ("Pension Fund") maintain their principal place of business in this district. Additionally, venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this district.

PARTIES

4.    Goodman is a former employee of NYPD who resides in New York, New York, within the jurisdiction of this Court.

5.    NYPD is located within the jurisdiction of this Court and is an employer within the meaning of 38 U.S.C. § 4303(4)(A) and 38 U.S.C. § 4323(i).  NYPD is an agency of NYC.

6.    NYC is located within the jurisdiction of this Court and is an employer within the meaning of 38 U.S.C. § 4303(4)(A) and 38 U.S.C. § 4323(i).

7.    Pension Fund is located within the jurisdiction of this Court and is an employer within the meaning of 38 U.S.C. § 4303(4)(C) and 38 U.S.C. § 4323(i).  Pension Fund is an agency of NYC that, pursuant to the Administrative Code of the City of New York, has the powers and privileges of a corporation.

FACTUAL ALLEGATIONS

8.    Goodman has been a member of the United States Army Reserves since 1981 and currently holds the rank of second lieutenant.

9.    In 1992, Goodman began work at the NYPD.  From May 11, 1999 to his retirement on July 28, 2009, he held the position of Detective, third grade.

10.   On March 12, 2002, NYPD assigned Goodman to the counterterrorism division. On September 12, 2008, NYPD assigned Goodman to the Office of Emergency Management.

11.   Since 1981, Goodman has performed his Army Reserve duties and has been

called to active duty on multiple occasions. For example, from March 5, 2002 to March 4, 2003, he was ordered to active duty in support of Operation Enduring Freedom. From March 7, 2004 to September 27, 2004, he was ordered to active duty and served a portion of this time in Afghanistan. From November 15, 2005 to May 13, 2006, he was ordered to active duty and deployed to Jordan to help train Iraqi counterterrorism forces. From October 27, 2008 to April 23, 2009, he was ordered to active duty during which time he served on a joint task force in Iraq.

12.     Throughout the time of his employment with NYPD, Goodman worked overtime hours, for which he was compensated. The NYPD compensated Goodman for most of his overtime work by cash payments. For other overtime hours worked, NYPD compensated Goodman with additional leave. The amount of compensation Goodman earned for working overtime hours depended upon, *inter alia*, the time of day Goodman worked overtime hours.

13.     During the periods of Goodman's active military service, NYPD employees had the opportunity to work, and did work, overtime hours. Had Goodman not been performing active military service, he would have been working overtime hours for NYPD.

14.     Effective October 6, 2008, NYPD assigned Goodman to a 2:00 p.m. to 10:00 p.m. shift, entitling Goodman to earn six hours of pay per day at the night differential rate. Had Goodman not performed active military service between October 27, 2008 and April 23, 2009, he would have earned night differential pay for at least six hours of work per day for NYPD. Goodman also earned night differential pay at various other times throughout his employment with NYPD.

15.     Goodman is a member of the Pension Fund. The Pension Fund operates pursuant to Title 13, Chapter 2, Subchapter 2 of the Administrative Code of the City of New York. The

3

Pension Fund is responsible for, *inter alia*, performing pension payment calculations. Since his retirement from the NYPD on July 28, 2009, Goodman is entitled to receive, and has been receiving, an annual pension paid in equal monthly installments.

16.    The Pension Fund must compute Goodman's compensation during his periods of active service in order to determine Goodman's pensionable earnings, which serves as the basis for Goodman's annual pension benefit.

17.    In performing the computations described in paragraph 16 of this Complaint, the Pension Fund did not take into account the compensation Goodman would have received but for his periods of military service, including but not limited to overtime hours and night differential pay.

18.    In performing the computations described in paragraph 12 of this Complaint, to the extent the compensation Goodman would have received but for his periods of military service was not reasonably certain, the Pension Fund did not rely upon Goodman's average rate of compensation, including overtime hours and associated night differential pay, during the 12-month periods immediately preceding his respective periods of military service (or, if shorter, the period of employment immediately preceding such period).

19.    NYPD is responsible for making pension contributions to the Pension Fund on behalf of the Pension Fund's members. The NYPD was responsible for making pension contributions on Goodman's behalf based on his pensionable earnings, including during the periods of Goodman's active military service.

20.    NYC is responsible for making pension contributions to the Pension Fund on behalf of the Pension Fund's members. NYC was and is responsible for making pension

4

contributions on Goodman's behalf based on his pensionable earnings, including during the periods of Goodman's active military service.

21.    On August 10, 2009, in accordance with Section 4322(a)(1) of USERRA, Goodman filed a complaint against NYPD and the Pension Fund with the Veterans' Employment and Training Service of the United States Department of Labor.

22.    NYC, NYPD and the Pension Fund violated Section 4318 of USERRA, among other ways, by failing to calculate Goodman's compensation for pension purposes during his periods of military service in accordance with the statutory commands.

23.    As a result of the statutory violations committed by NYC, NYPD and the Pension Fund, Goodman suffered the loss of pension benefits in an amount to be determined at trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Goodman prays that the Court enter judgment against NYC, NYPD, the Pension Fund, and their respective officers, agents, employees, successors and all persons in active concert or participation with it, as follows:

A.    Declare that the Pension Fund's method of calculating compensation during periods of military service for purposes of determining liability for pension benefits is in violation of USERRA, 38 U.S.C. § 4318;

B.    Declare that the Pension Fund miscalculated Goodman's compensation during the periods of his military service, for purposes of determining liability for pension benefits in violation of USERRA, 38 U.S.C. § 4318;

C.    Declare that 38 U.S.C. § 4318 preempts any and all inconsistent NYC, NYPD, and Pension Fund rules, regulations, policies, and practices concerning the calculation of

compensation during periods of military service and the calculation of pension benefits;

D.    Order that the Pension Fund recalculate compensation during periods of military service in accordance with USERRA, 38 U.S.C. § 4318;

E.    Order that the Pension Fund recalculate Goodman's compensation during the periods of his military service in accordance with USERRA, 38 U.S.C. § 4318;

F.    Order that the Pension Fund calculate and inform Goodman of the amount of pension contributions owed by Goodman as a result of recalculating Goodman's compensation during the periods of his military service in accordance with USERRA, 38 U.S.C. § 4318;

G.    Order that NYC, the NYPD and the Pension Fund remit to Goodman the additional pension benefits owed to him as a result of recalculating his compensation during his periods of his military service in accordance with USERRA, 38 U.S.C. § 4318;

H.    Award Goodman prejudgment interest on the amount of pension benefits due; and

I.    Grant such other relief as may be just.


THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

By:    _John M. Gadzichowski_____

JOHN M. GADZICHOWSKI
Chief
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4920
Washington, DC 20530

6

Dated: July 1 , 2010
     New York, New York

        PREET BHARARA
        United States Attorney

    By: _____
        TARA M. La MORTE
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York  10007
        Tel. No. (212) 637-2746
        Fax No. (212) 637-2730
        tara.lamorte2@usdoj.gov

        Attorneys for Plaintiff David Goodman