UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____            │
│ DATE FILED: 1-14-14              │
└─────────────────────────────────┘
```

DAVID GOODMAN, *et al.*,

                              Plaintiffs,

   -v-                                              No. 10 Civ. 5236 (RJS)

CITY OF NEW YORK, *et al.*,                         **FINAL ORDER APPROVING
                                                    CLASS SETTLEMENT**

                              Defendants.

RICHARD J. SULLIVAN, District Judge:

On December 30, 2013, Plaintiffs filed their Unopposed Motion for Final Approval of the Settlement (the "Motion"), in the above-captioned action, brought pursuant to the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.* ("USERRA"). (Doc. No. 105.) All capitalized terms used in this Final Order, and not otherwise defined, shall have the meaning as defined in the Settlement Agreement (the "Agreement"), which is incorporated herein by reference. (Doc. No. 97-1.) In deciding this Motion, the Court has considered the Agreement, Plaintiffs' memorandum of law in support of their motion (Doc. No. 106), the Declaration of Tara M. La Morte (Doc. No. 107), the Declaration of Juliette E.A. Deen (Doc. No. 108), the Declaration of the Chief Actuary of the New York City Retirement Systems, Robert C. North, Jr. (Doc. No. 109), and all exhibits and attachments to the aforementioned documents, as well as the representations made on the record at the fairness hearing held on January 13, 2014 (the "Fairness Hearing"). For the reasons stated on the record at the Fairness Hearing and the reasons stated below, Plaintiffs' Motion is GRANTED.

## RULE 23 STANDARD

1.       Rule 23 of the Federal Rule of Civil Procedure ("Rule 23") provides that the claims of a certified class may be settled with the approval of the Court pursuant to the following procedures: (1) "notice in a reasonable manner to all class members who would be bound by the proposal"; (2) a hearing and finding that the settlement is "fair, reasonable, and adequate"; (3) the parties' filing of a "statement identifying any agreement made in connection with the proposal"; (4) if the Court deems it necessary, affording a new opportunity to class members to opt-out of the class; and (5) permitting any class member to object to the proposed settlement. Fed. R. Civ. P. 23.

## DISSEMINATION OF CLASS NOTICE

2.       In the Court's Order, dated July 2, 2013 ("Preliminary Order"), the Court approved the content and form of the Class Notice and related documents to be sent to Class Members and the procedure for effectuating notice, including by mailing Class Notice to the address at which Class Members received their pension checks and, when such a mailing is returned with a forwarding address, re-sending Class Notice to that address.   Based on the parties' submissions in relation to this Motion and statements on the record pertaining to the process by which notice was carried out and the results, the Court finds that notice was provided in a reasonable manner to all Class Members who would be bound by the proposal, thus satisfying the requirements of Rule 23 and the constitution, including those of due process.

## FAIRNESS OF THE SETTLEMENT AGREEMENT

3.       As referenced above, a Fairness Hearing was held on January 13, 2014 concerning the fairness of the Agreement.  At the hearing, all those objecting to the fairness of the Agreement were invited to speak, and the Court considered the written objections submitted by those individuals who did not appear in person.

2

4.      Rule 23(e) requires court approval of a class action settlement to ensure that it is procedurally and substantively fair, reasonable and adequate. Fed. R. Civ. P. 23(e); *see Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). This inquiry entails an assessment of "both the settlement's terms and the negotiating process leading to settlement." *Wal-Mart*, 396 F.3d at 116 (citing *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001)).

5.      To determine procedural fairness, courts examine the negotiating process leading to the settlement. *Wal-Mart*, 396 F.3d at 117. As stated on the record at the Fairness Hearing, the Court finds that the procedural fairness requirement for this Agreement is satisfied.

6.      To determine substantive fairness, courts examine a series of nine factors set forth by the Second Circuit in *Grinnell. City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (citations omitted), *abrogated on other grounds*, *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000). As stated on the record at the Fairness Hearing, these factors weigh in favor of the fairness of the Agreement and thus the Court finds that the Agreement meets the requirement of substantive fairness. In particular, the Court deems the Agreement to be fair in that it adequately addresses the various claims of the Settlement Class Members:

a. The Agreement adequately addresses the claims of Settlement Class Members for injunctive relief.

b. The Agreement adequately addresses the claims of Settlement Sub-Class A Members for monetary recovery because it provides for any and all additional pension benefits owed to members of Sub-Class A as a result of recalculating their pensionable earnings during periods of Active Military Service that occurred during any time of their employment with the NYPD on or after September 11, 2001, in accordance with USERRA.

c. The Agreement adequately addresses the claims of Settlement Sub-Class B Members for monetary recovery because it provides for any and all additional pension

3

benefits owed to members of Sub-Class B with timely claims as a result of recalculating their pensionable earnings during periods of Active Military Service that occurred during any time of their employment with the NYPD on or after September 11, 2001, in accordance with USERRA.

7.    During the Fairness Hearing, the Court considered the small number of objections raised to the Settlement. The Court stated that it would reserve its decision on the objection raised by Robert Kwalwasser and Thomas Lugo (the "Kwalwasser Objection"), but, as stated on the record, found that none of the other objections caused it to question the fairness of the Settlement. Upon further consideration, as explained below, the Court now finds that the Kwalwasser Objection does not undermine the fairness of the Agreement.

a.    Sub-Class B Members, like Mr. Kwalwasser, are individuals who received their first pension check prior to October 10, 2004. The Agreement only affords relief to those Sub-Class B Members whose USERRA claims, normally subject to a four-year statute of limitations, were otherwise tolled up to or beyond October 10, 2008. (*See* Agreement § 6.2(a).) The reason for this is that on October 10, 2008, Congress passed the Veterans' Benefits Improvement Act of 2008 ("VBIA"), 38 U.S.C. § 4327(b), which eliminated the statute of limitations for USERRA claims. Prior to this action, all courts that considered the issue found that USERRA claims were subject to the four-year statute of limitations set forth in 28 U.S.C. § 1658(a). *See, e.g.*, *Baldwin v. City of Greensboro*, 714 F.3d 828, 834–35 (4th Cir. 2013); *Middleton v. City of Chicago*, 578 F.3d 655, 661–62 (7th Cir. 2009). As explained more fully in the Court's Order denying Defendants' motion to dismiss in this case (*see* Doc. No. 19), the Court decided that any person who had a USERRA claim that accrued on or after October 10, 2004 still had a "live" claim – because the four-year statute of limitations had not yet run – when the statute of limitations was abolished on October 10,

4

2008; therefore, such individuals still had a live claim at the time this litigation was commenced and are eligible for relief as part of the Agreement.  However, those persons whose claims accrued prior to October 10, 2004 do not get any relief under the Agreement because their time to bring a USERRA claim had already expired by the time Congress eliminated the statute of limitations on such claims and they were not otherwise revived by this Congressional action.  *See Middleton*, 578 F.3d at 662–65 (holding that VBIA's elimination of the statute of limitations did not apply retroactively).

b.  Mr. Kwalwasser, who appeared at the Fairness Hearing, does not contest the idea that claims accuring prior to October 10, 2004 are ineligible for relief.  However, he contests defining the accrual date as when the first pension check is received, and argues instead that the appropriate date is "when the NYC Police Pension Fund finalizes [one's] pension . . ." because that is when the pension amounts become certain.  (Doc. No. 108 at Ex. E ("Kwalwasser Objection").)

c.  The Court finds that the Agreement's use of the date on which the first pension check is received to determine which claims are time-barred is reasonable.  Neither the parties nor Mr. Kwalwasser has identified any case that has considered when a pension claim under USERRA accrues.  As a general matter, however, "[u]nder federal law, . . . a claim accrues once the plaintiff knows or has reason to know of the injury which is the basis of his action."  *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994) (noting that "the claim accrues when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm.")  The Court finds that once an individual receives his pension determination, even if labeled an "estimate," and then receives a check based on that determination, he should know whether or not his employer failed to calculate his pension benefits in accordance with USERRA.  In addition,

the individual's receipt of a pension check, in an amount inconsistent with USERRA is also a real injury to that person. Accordingly, the Court finds that the Agreement's decision to treat USERRA claims as accruing on the date that the first pension check is received is reasonable and fair. The position advocated by Kwalwasser, for which he provides no authority, does not seem supported by the law. Therefore, although the Court is sympathetic to the fact that individuals like Kwalwasser and Lugo will not receive any relief from this Agreement, their objection is overruled, and the Court finds the Agreement to be fair.

## OTHER RULE 23 REQUIREMENTS

8.     The Court also finds that the other requirements of Rule 23 have been satisfied.

9.     The parties have adequately identified the Agreement setting the terms governing the settlement of the Class Members' claims.

10.    As the terms of the Agreement did not change from when the Court preliminarily approved it until the Fairness Hearing, there is no need for a new opportunity for Class Members to opt-out of the Agreement.

11.    The Class Notice adequately described a fair process by which Class Members could submit a written objection to the Agreement as well as appear at the Fairness Hearing to argue their objection. Indeed, eight Class Members filed objections and one appeared at the Fairness Hearing to argue his objection.

12.    In sum, the Court finds that the Agreement is fair, reasonable and adequate, and that the requirements of Rule 23 are satisfied. Accordingly, the Agreement is approved in its entirety.

## FINAL CERTIFICATION OF CLASS

13.    For the reasons stated in the Preliminary Order, the Court provisionally certified the Settlement Class and Settlement Sub-Classes pursuant to Rules 23(a) and 23(b)(3) of the

6

Federal Rules of Civil Procedure.  In light of the Court's approval of the Agreement, the Court hereby finalizes its certification of the Settlement Class and Settlement Sub-Classes.

## CONCLUSION

14.     The "Effective Date" of the Agreement shall occur upon expiration of sixty days following the entry of this Final Order, or, if any appeal is filed, when the mandate has issued following resolution of the appeal.

15.     Defendants shall comply with the terms of the Agreement no later than one (1) year after the Effective Date.  This deadline may be extended only by a written agreement between the Settlement Class Counsel and Defendants' counsel and approval of the Court.

16.     All Settlement Class Members who did not opt out are hereby permanently enjoined from pursuing and/or seeking to reopen claims released by the Agreement.

17.     This Court retains jurisdiction of all matters relating to the modification, interpretation, implementation, effectuation, enforcement, and administration of the Agreement and this Final Order, which jurisdiction may be called upon by filing a motion to enforce based upon an alleged failure to comply with the terms of the Agreement.  In addition, the Parties may make a motion to conduct discovery under the Federal Rules of Civil Procedure for the purpose of determining compliance with this Agreement or defending against a claim of non-compliance.


SO ORDERED.

Dated: January 14, 2014
       New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

7